UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONNA COPELAND**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, <br><br> Defendant. | Case No. 1:13-CV-00837 (CRC) |

## OPINION AND ORDER

Plaintiff Donna Copeland has moved for $130,405.85 in costs and fees as a prevailing party in this action against the District of Columbia under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The District acknowledges that Copeland prevailed in the litigation, but opposes certain aspects of her calculation of attorneys' fees. Its principal objection is over her counsel's use of the "enhanced" Laffey matrix to arrive at their applicable hourly billing rates. The District urges the Court to instead calculate the rates at 75% of the standard Laffey rates, which it contends approximate the prevailing market rates for IDEA litigation in this jurisdiction. Magistrate Judge Robinson issued a Report and Recommendation ("R&R"), effectively splitting the difference: She recommends applying standard Laffey rates but with no percentage discount. Only the District filed objections to the R&R within the required 14-day period, again arguing that the Court should apply a prevailing rate of 75% of applicable Laffey rates. The District also asked the Court to address the appropriate hourly rate for time spent on preparing the fees motion, and whether the Laffey matrix for the year in which the billable work took place determined the proper hourly rate for that work. Reviewing these objected-to issues *de novo*, see Fed. R. Civ. P. 72(b)(3), Court the will adopt the recommendations of the Magistrate Judge, for the reasons briefly discussed below.

Under the IDEA, a court, "in its discretion, may award reasonable attorneys' fees," which are to be "based on the rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 14515(i)(3)(B)–(C). Here, the parties' dispute regards the appropriate hourly rate, the reasonableness of which turns on: "(1) 'the attorney['s] billing practices,' (2) 'the attorney['s] skill, experience, and reputation,' and (3) 'the prevailing market rates in the relevant community.'" Eley v. D.C., 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting Covington v. D.C., 57 F.3d 1101, 1107 (D.C. Cir. 1995)). Accordingly, it is Plaintiff's burden to "produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Eley, 793 F.3d at 100 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). "[E]vidence of the prevailing market rate can take many forms," Eley, 793 F.3d at 104 n.5, including affidavits concerning general market rates and conditions, citations to similar awards given by other courts in the jurisdiction, comparisons to fees charged in the private setting, and—at the heart of the matter here—fee matrices, including the Laffey matrix and the "enhanced" Laffey matrix. See Eley, 793 F.3d at 100, 104; Covington, 57 F.3d at 1109. If Plaintiff meets her burden, Defendant's "burden in rebuttal" is to "provide specific contrary evidence tending to show that a lower rate would be appropriate." Covington, 57 F.3d at 1109–10.

The parties dispute whether IDEA litigation as a class is "complex federal litigation" warranting application of either the standard or "enhanced" Laffey matrix. But this case does not require resolving that issue—regarding which there is a split among fellow courts in this District

2

and among judges on the D.C. Circuit.[1] Pending greater clarity from the Circuit on that question, the relevant concern is, instead: Did Plaintiff "produce satisfactory evidence" that the rates sought "are in line with those prevailing in the community for similar services" by similarly skilled and experienced lawyers? Eley, 793 F.3d at 100.

The Court finds that, although that burden was not met with respect to the "enhanced" Laffey rates, Plaintiff did offer sufficient evidence that the standard Laffey matrix is an appropriate guidepost for the rates that should be afforded counsel in this case.[2] In particular, in addition to detailed affidavits from her own attorneys, Plaintiff has submitted affidavits from five IDEA practitioners, unaffiliated with this litigation, all of which support Plaintiff's contention that IDEA litigators commonly charge and are awarded standard Laffey rates, and that rates significantly below that measure in this case would be insufficient. See Pl.'s Mot. Fees, Ex. 6, at 7 (Verified Statement of Diana M. Savit) ("I would not be tempted to take [an IDEA] case unless it was extremely strong on the merits and I could reasonably expect to be awarded an hourly rate of at least $500, far above the '75% of USAO Laffey' rate[.]"); id. Ex. 7, at 3 (Verified Statement of Charles Moran) (stating that enhanced Laffey rates are "regularly paid by clients"); id. Ex. 8, at 4 (Verified Statement of Domiento C. R. Hill) (stating view that the "75% USAO"

---

[1] Compare, e.g., Eley, 793 F.3d at 105 (Kavanaugh, J., concurring) ("[I]n my view, the United States' Attorney's Office Laffey matrix is appropriate for IDEA cases.") and Merrick v. D.C., 134 F. Supp. 3d 328, 339 (D.D.C. 2015) (applying standard Laffey rates in IDEA litigation) with Price v. D.C., 792 F.3d 112, 116–17 (D.C. Cir. 2015) (Brown, J., concurring) ("[T]he Laffey Matrix rate [is] an irrelevant benchmark for [IDEA] administrative proceedings before a D.C. Public Schools officer.") and Reed v. D.C., 134 F. Supp. 3d 122, 130 (2015) (applying 75%-of-standard-Laffey rates in IDEA litigation).

[2] Plaintiff did not, however, carry her burden to show that enhanced Laffey rates are a "prevailing market rate." Only one non-case-related affidavit suggests that such rates are ever paid by IDEA clients, see Pl.'s Mot. Fees, Ex. 7, at 3 (Verified Statement of Charles Moran), and Plaintiff cites no case where enhanced Laffey rates were actually awarded and affirmed on appeal.

rate is "unreasonably low and below market rates"); id. Ex. 9, at 3–4 (Verified Statement of Maria G. Mendoza) (opining that "it is impossible to maintain [an IDEA] practice" where judges award 75%-of-standard-Laffey rates); id. Ex. 10, at 4 (Verified Statement of Alana Hecht) ("If all judges . . . were to award" the 75%-of-standard-Laffey rates, "I would likely be forced to leave my current practice").  Plaintiff bolsters these claims by citing numerous decisions from courts in this district awarding attorneys' fees to IDEA litigators in accordance with the standard Laffey matrix.  See, e.g., Merrick v. D.C., 134 F. Supp. 3d 328, 339 (D.D.C. 2015); Thomas v. D.C., 908 F. Supp. 2d 233, 248 (D.D.C. 2012); Young v. D.C., 893 F. Supp. 2d 125, 131 (D.D.C. 2012); Cox v. D.C., 754 F. Supp. 2d 66, 76 (D.D.C. 2010); Jackson v. D.C., 696 F. Supp. 2d 97, 102 (D.D.C. 2010).  All of this, taken together, is sufficient to show that standard Laffey rates "are in line with those prevailing in the community for similar services."  Eley, 793 F.3d at 100.

Defendant, for its part, fails to meet its "burden in rebuttal," which is to "provide specific contrary evidence tending to show that a lower rate would be appropriate."  Covington, 57 F.3d at 1109–10.  Although Defendant cites numerous cases awarding fees based on less-than-standard-Laffey rates in IDEA cases, it provides no further "equally specific countervailing evidence," such as affidavits or market surveys, to support a lower rate.  At the end of the day, the Court is left with cases on both sides of the Laffey divide, but significantly more concrete evidence from Plaintiff in support of applying standard Laffey rates.  The Court therefore concurs in the Magistrate Judge's recommendation to apply standard Laffey rates here, especially given the considerable experience of Plaintiff's counsel.  See Pl.'s Mot. Fees, Ex. 4, at 2 (Verified Statement of Nicholas Ostrem) (detailing litigation experience, including "over 100 special education cases in the District of Columbia"); id. Ex. 5, at 4 (Verified Statement of Douglas Tyrka) ("In my conservative and educated estimate, I have litigated over 1000 IDEA

cases and over 50 IDEA federal cases."). In setting a reasonable hourly rate in part based on the relevant "attorney['s] skill, experience, and reputation," the "somewhat crude" Laffey benchmark should in this case, at least, not be downwardly adjusted. Eley, 793 F.3d at 100–01.

In response to Defendant's two remaining objections, the Court will, consistent with prior practice: apply the same hourly rate to counsel's preparation of fee motions as to the remainder of counsel's billable work; and apply the appropriate Laffey rate for the year in which the relevant work was conducted. See, e.g., Citizens for Responsibility & Ethics in Washington v. DOJ, 80 F. Supp. 3d 1, 5 (D.D.C. 2015). The Court will therefore award Plaintiff attorney fees as follows, and as calculated in the chart appended to this Order:

| | |
|---|---|
| Total Fees & Costs for Mr. Ostrem: | $33,871.62 |
| Total Fees & Costs for Mr. Tyrka: | $44,916.48 |
| **Total Fee Award to Plaintiff:** | **$78,788.10** |

For the foregoing reasons, and upon careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation filed August 29, 2016, the Court hereby **ADOPTS** the Report of the Magistrate Judge. The Court further **ACCEPTS** the Recommendation of the Magistrate Judge. Accordingly, it is hereby

**ORDERED** that [29] Plaintiff's Motion for Attorney Fees and Costs be **GRANTED IN PART**. Plaintiff is hereby awarded attorney fees and costs in the amount of $78,788.10.

**SO ORDERED**.

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge

Date: September 22, 2016